JOHN STUTZMAN, APPELLANT, V. FRED A. BATES ET AL., APPELLEES.

FILED MAY 29, 1929. No. 26399.

*H. M. Sullivan* and *Squires & Johnson*, for appellant.

*N. T. Gadd, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and LIGHTNER and REDICK, District Judges.

EBERLY, J.

Action by the plaintiff, Stutzman, against defendant, Bates, for an accounting in a ranch adventure carried on by the parties for a period of approximately three years.

The district court appointed a referee, who after an extended hearing of the parties submitted his report and findings with recommendation of a judgment for the defendant upon his counterclaim. Plaintiff filed exceptions thereto, which after hearing were overruled by the district court and the report and findings of the referee approved and judgment rendered as recommended in favor of defendant and against the plaintiff. The motion for a new trial was thereupon filed and overruled, and plaintiff prosecutes an appeal to this court.

The only definite assignment of error contained in the brief is that the district court erred in approving the report of the referee wherein said referee charged all of the grain and feed for the first year of operation to the plaintiff, John Stutzman. Other alleged errors are, however, commented upon in the argument which appears in plaintiff's brief. However, all questions presented by the plaintiff upon analysis plainly appear to be mere questions of fact. The bill of exceptions discloses that all of these questions, as determined by the referee, were adjudged by him on fairly conflicting evidence and present a case wherein the referee's determination is plainly binding on this court. As to none of the items relied upon by the appellant as being erroneous is there sufficient support in the bill of exceptions to overcome the presumption of correctness that surrounds this determination of the referee. Indeed, the parties largely testified before him in person. He heard the story of the witnesses and their conduct and demeanor on the witness-stand was necessarily before him during the trial of the case. In short, upon retrial *de novo* of the issues of fact and of law involved and contained in the findings of fact as made by the referee in this case and confirmed by the district court after hearing on exceptions thereto upon the evidence and preserved in the bill of exceptions without reference to the

conclusion reached in the district court, we have determined that the evidence sustains the findings and judgment in the trial court.

It follows, therefore, that the judgment of the trial court is right, and it is

AFFIRMED.